UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SYDNEY R.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. C26-1489-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEDURES**

Plaintiff Sydney R. seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits. She contends the ALJ erred in evaluating her pain testimony and assessing her RFC and by failing to consider a closed period of disability. Dkt. 10. The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 34 years old and was 30 years old on her alleged onset date; she has a high school education and has no past relevant work. Tr. 27. In May 2023, she applied for benefits, alleging disability as of December 20, 2022. Tr. 239. After her applications were denied initially and on reconsideration, the ALJ conducted a hearing and, on June 20, 2025, issued a decision finding plaintiff not disabled. Tr. 17-29. The Appeals Council denied plaintiff's request

for review, making the ALJ's decision the Commissioner's final decision. Tr. 1.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found plaintiff has not engaged in substantial gainful activity since the alleged onset date; she has the following severe impairments: status post right subtalar joint fusion, naviculocuneiform joint fusion, posterior tibial tendon repair, gastrocnemius recession, attention deficit hyperactivity disorder, obesity, and obstructive sleep apnea; and these impairments did not meet or equal the requirements of a listed impairment. Tr. 19-20. The ALJ found plaintiff has the residual functional capacity to perform light work except: she can stand and/or walk up to four hours in an eight-hour workday with normal breaks; she can frequently balance, stoop, kneel, crouch, and climb ramps or stairs; she can occasionally crawl; she can never climb ladders, ropes, or scaffolds; she is limited to frequent exposure to nonweather related extreme cold and industrial levels of vibration; she is limited to occasional exposure to hazards; and she can understand, remember, and carry out simple tasks. Tr. 21-22. The ALJ found plaintiff has no past relevant work but, as there are jobs that exist in significant numbers in the national economy plaintiff can perform, she is not disabled. Tr. 27-29.

## DISCUSSION

The Court may set aside the ALJ's decision if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). The ALJ's decision may not be reversed on account of an error that is harmless. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The Court may

[1] 20 C.F.R. §§ 404.1520, 416.920.

neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Id*.

**A. Plaintiff's Pain Testimony**

Plaintiff argues the ALJ failed to give valid reasons for disregarding plaintiff's pain testimony. Dkt. 10 at 4. Where, as here, the ALJ did not find the plaintiff was malingering, the ALJ must provide clear and convincing reasons to reject her testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). An ALJ does this by making specific findings supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). In other words, an ALJ's finding that a claimant's testimony is not credible must be "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). A conclusory statement rejecting a claimant's testimony that fails to identify specifically which statements the ALJ found not credible and why is not sufficient to reject a claimant's testimony, even when that statement is followed by a summary of the evidence. *Id.*

As to plaintiff's physical impairments, the ALJ found while plaintiff underwent surgeries on her left foot in December 2022 and right foot in December 2023, and treatment notes document reports of residual tenderness, decreased functioning, reduced strength, and limited flexibility and joint mobility, treatment notes also indicate her functioning and symptoms improved with surgery. Tr. 23. The ALJ noted as support for this finding plaintiff reported in February and April 2023 that the surgery and physical therapy helped; she reported in September

2023 that despite residual pain she was overall pleased with the surgery; she reported in April 2024 her right foot improved with surgery and she only used crutches when on her feet for prolonged periods; and she reported in July 2024 her conditions improved with surgery. *Id.*

An ALJ may consider the consistency of a claimant's statements about her symptoms when evaluating her testimony. Social Security Ruling 16-3p. However, here the ALJ listed plaintiff's statements without making specific findings explaining how these statements were inconsistent with her testimony. Merely describing plaintiff's statements, without more, is insufficient to discount her testimony. Statements that a surgery helped or resulted in improvement are not necessarily inconsistent with continued pain and functional limitations. This is especially true where, as the ALJ acknowledges, the objective findings from this same period document findings such as tenderness, reduced strength, and limited mobility.

The ALJ also found while imaging documented abnormalities, imaging was also described as showing that her condition was stable and as expected postoperative appearance. Tr 23. The ALJ again fails to explain how her condition being stable and as expected in appearance were inconsistent with plaintiff's testimony. Moreover, the ALJ cited primarily to imaging taken in the days and weeks after her first two surgeries. *See* Tr. 473 (January 2023), 593 (December 2023), 706 (January 2024), 710 (December 2023). The ALJ fails to explain how these images were probative of her condition throughout the relevant period. The sole exception is the ALJ's citation to imaging from December 2024, one year after plaintiff's second surgery. Tr. 923, 925. Upon review of this imaging, plaintiff's doctor began to suspect a third surgery would be necessary to remove the hardware placed in the first two surgeries due to continued pain. Tr. 923, 925; 929. That surgery took place in March 2025. Tr. 963. However, although the ALJ cites to this imaging and the doctor's assessment of it, the ALJ did not discuss this third surgery when

assessing plaintiff's testimony. The ALJ's reference to imaging without explanation or connection to plaintiff's testimony is insufficient to support rejecting her testimony.

The ALJ also found the longitudinal findings during routine appointments suggested that plaintiff was able to work at the level of the RFC finding. Tr. 23. The ALJ provided a bullet point list describing findings from a number of treatment visits including being alert and in no acute distress; normal cardiovascular and respiratory findings; normal range of motion in her back; normal neurological findings; normal mental status findings including normal mood and affect, alert and oriented, normal behavior; and findings of various levels of pain, tenderness, and other "residual" foot findings. Tr. 23-24.

An ALJ "'providing a summary of medical evidence . . . is not the same as providing clear and convincing reasons for finding the claimant's symptom testimony not credible.'" *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) (quoting *Brown-Hunter*, 806 F.3d at 494). Here, the ALJ's statement that findings during routine appointments support the ALJ's RFC finding followed by a bullet point list describing findings from various appointments does not permit the Court to determine whether the ALJ rejected plaintiff's testimony on permissible grounds. This summary of evidence does not provide a valid basis for discounting plaintiff's testimony.

In sum, the ALJ made only general findings, describing evidence without identifying how that evidence undermined plaintiff's testimony. This was insufficient to provide clear and convincing reasons to discount plaintiff's pain testimony. Accordingly, the ALJ erred in assessing plaintiff's testimony and in assessing the resulting RFC, and remand for further administrative proceedings is appropriate.

**B. Closed Period of Disability**

Plaintiff argues the ALJ erred by assessing a single RFC for the entire period and not considering whether her testimony was credible for the more than one-year period when she was non-weightbearing and/or using scooters, crutches, or canes. Dkt. 10 at 18. An impairment or combination of impairments is disabling if it has lasted or can be expected to last for a period of at least 12 months. 20 C.F.R. §§ 404.905(a), 416.905(a). The record shows plaintiff underwent a course of treatment that included multiple surgeries on her feet with recovery time after each surgery, and this course of treatment lasted over a year. Because the Court is remanding for further administrative proceedings, the Court need not decide whether the ALJ erred by failing to consider a closed period of disability. However, on remand, the ALJ shall consider whether plaintiff met the criteria for a closed period of disability.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate plaintiff's testimony, reassess her RFC, and consider whether a closed period of disability is supported. The ALJ shall further develop the record and redo the five-step disability evaluation process as the ALJ deems necessary and appropriate to make a new decision.

DATED this 2nd day of October, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge